UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MYRA LYNN VIRGIL,<br><br>                              Plaintiff,<br><br>v.<br><br>Commissioner of the Social Security Administration,<br><br>                              Defendant. | Case No.: 19cv2111-NLS<br><br>**ORDER:**<br><br>**(1) DISMISSING COMPLAINT WITH LEAVE TO AMEND; and**<br><br>**(2) DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS**<br><br>**[ECF No. 3]** |

Before the Court is Plaintiff Myra Lynn Virgil's complaint seeking judicial review of the Social Security Administration's decision and motion for leave to proceed *in forma pauperis* ("IFP"). ECF Nos. 1, 3. After due consideration and for the reasons set forth below, the Court **DISMISSES** Plaintiff's complaint with leave to amend, if amended within 30 days of the date of this order, and **DENIES WITHOUT PREJUDICE** the motion to proceed IFP.

A complaint filed pursuant to the IFP provisions of 28 U.S.C. § 1915(a), is subject

1

to a mandatory and *sua sponte* review by the Court. *Lopez v. Smith,* 203 F.3d 1122, 1127 (9th Cir. 2000). The Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Social security appeals are not exempt from this § 1915(e) screening requirement. *Hoagland v. Astrue*, No. 1:12cv00973-SMS, 2012 WL 2521753, at *1 (E.D. Cal. June 28, 2012); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (noting section 1915(e)(2)(B) is "not limited to prisoners"); *Lopez*, 203 F.3d at 1129 ("section 1915(e) applies to all in forma pauperis complaints").

To pass screening, all complaints must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint in a social security appeal is "not exempt from the general rules of civil pleading." *Hoagland*, 2012 WL 2521753, at *2.

Several courts within the Ninth Circuit have set forth the following basic requirements for complaints to survive the Court's § 1915(e) screening:

> First, the plaintiff must establish that she has exhausted her administrative remedies pursuant to 42 U.S.C. § 405(g), and that the civil action was commenced within sixty days after notice of a final decision. Second, the complaint must indicate the judicial district in which the plaintiff resides. Third, the complaint must state the nature of the plaintiff's disability and when the plaintiff claims she became disabled. Fourth, the complaint must contain a plain, short, and concise statement identifying the nature of the plaintiff's disagreement with the determination made by the Social Security Administration and show that the plaintiff is entitled to relief.

*See, e.g.*, *Montoya v. Colvin*, No. 16cv00454-RFB-NJK, 2016 WL 890922, at *2 (D. Nev. Mar. 8, 2016) (collecting cases); *Graves v. Colvin*, No. 15cv106-RFB-NJK, 2015 WL 357121, *2 (D. Nev. Jan. 26, 2015) (same).

As for the fourth requirement, "[e]very plaintiff appealing an adverse decision of

the Commissioner believes that the Commissioner was wrong." *Hoagland*, 2012 WL 2521753, at *3. Thus, a complaint merely stating that the Commissioner's decision was wrong or that "merely parrots the standards used in reversing or remanding a case" is insufficient to satisfy a plaintiff's pleading requirement. *See, e.g.*, *Cribbet v. Comm'r of Social Security*, No. 12cv1142-BAM 2012 WL 5308044, *3 (E.D. Cal. Oct. 29, 2012); *Graves*, 2015 WL 357121, at *2. Instead, "[a] complaint appealing the Commissioner's denial of disability benefits must set forth a brief statement of facts setting forth the reasons why the Commissioner's decision was wrong." *Hoagland*, 2012 WL 2521753, at *2; *see also Harris v. Colvin*, No. 14cv383-GW (RNB), 2014 WL 1095941, *4 (C.D. Cal. Mar. 17, 2014) (dismissing complaint which it did not "specify . . . the respects in which [the plaintiff] contends that the ALJ's findings are not supported by substantial evidence and/or that the proper legal standards were not applied"); *Gutierrez v. Astrue*, No. 11cv454-GSA, 2011 WL 1087261, *2 (E.D. Cal. Mar. 23, 2011) (dismissing complaint which did not "provide[] any substantive reasons" for appealing the ALJ's decision and did not "identif[y] any errors in [the] decision"). The plaintiff must provide a statement identifying the basis of the plaintiff's disagreement with the Social Security Administration's determination and must make a showing that she is entitled to relief, "in sufficient detail such that the Court can understand the legal and/or factual issues in dispute so that it can meaningfully screen the complaint pursuant to § 1915(e)." *Graves*, 2015 WL 357121, at *2.

With these standards in mind, the Court turns to Plaintiff's complaint, which only summarily states in one sentence that "[t]he conclusions and findings of the Defendant are not supported by substantial evidence and are contrary to law and regulation," with no further details. ECF No. 1 at ¶ 7. There is no explanation whatsoever about why Plaintiff believes the ALJ's decision was in error. Accordingly, the Court finds that Plaintiff's complaint fails to state a claim for relief and **DISMISSES** the complaint with leave to amend. Plaintiff may correct the deficiencies in her complaint to comply with the requirements as set forth above, and file an amended complaint on or before

1 | **December 5, 2019**.
2 |     Having found that the complaint fails to state a claim, the Court **DENIES**
3 | **WITHOUT PREJUDICE** Plaintiff's motion to proceed IFP.  If Plaintiff files an
4 | amended complaint, she may also refile her request to proceed IFP at that time.
5 |     **IT IS SO ORDERED.**
6 | Dated:  November 5, 2019

*/s/ Nita L. Stormes*
Hon. Nita L. Stormes
United States Magistrate Judge